**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. LAUREN BENCE,<br><br>Plaintiff,<br><br>vs.<br><br>1. TEEN CHALLENGE OF OKLAHOMA, INC. d/b/a NEW LIFEHOUSE GIRLS ACADEMY, et al.<br><br>Defendants. | Case No. 26-cv-00440-MTS |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Teen Challenge of Oklahoma, Inc. d/b/a New Lifehouse Girls Academy ("New Lifehouse Girls Academy") by and through its counsel of record, offers the following Answer to the allegations contained in Plaintiff's Amended Complaint.

New Lifehouse Girls Academy denies each and every material allegation contained in Plaintiff's Amended Complaint except as otherwise specifically admitted herein. The numbered paragraphs below correspond to the same numbered paragraphs in the Amended Complaint.

## I. INTRODUCTION

1. New Lifehouse Girls Academy admits Plaintiff was a minor and a resident at New Lifehouse Girls Academy from December 2014 until August 2015. New Lifehouse Girls Academy denies any other allegations in paragraph 1 of Plaintiff's Amended Complaint.

2. New Lifehouse Girls Academy admits that it works with girls facing behavioral, emotional, or academic challenges, offering a clear path forward built on accountability, encouragement, and transformation. New Lifehouse Girls Academy denies any other inferences and allegations in paragraph 2 of Plaintiff's Amended Complaint.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

## II. THE PARTIES

10. Denied as phrased. New Lifehouse Academy is located at 36649 S. 510 Rd., Eucha, OK 74342, but it is not the principal place of business for TCOK.

11. Admitted.

12. Paragraph 12 of Plaintiff's Amended Complaint does not relate to New Lifehouse Girls Academy and does not require an admission or denial on its behalf. To the extent a response is required, New Lifehouse Girls Academy denies the identity of unknown people.

## III. JURISDICTION AND VENUE

13. Paragraph 13 states a legal conclusion and requires no response. To the extent that a response is required, Defendant is without sufficient knowledge to form a belief about the truth of the allegations contained in the paragraph.

14. Admitted that New Lifehouse Academy does not contest the Court's general and specific jurisdiction in this case. It is denied that TCOK's principal place of business is in Eucha, Oklahoma. New Lifehouse Academy is located at 36649 S. 510 Rd., Eucha, OK 74342, but it is not TCOK's principal place of business.

15. Denied as phrased.

16. New Lifehouse Girls Academy admits venue is proper in this Court.

## IV. STATEMENT OF FACTS

17. New Lifehouse Girls Academy admits that Teen Challenge of Oklahoma ("TCOK") is accredited by Adult and Teen Challenge USA Organization. However, it is a separate entity.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. New Lifehouse Girls Academy admits that Teen Challenge of Oklahoma ("TCOK") is accredited by Adult and Teen Challenge USA Organization. All other allegations in paragraph 23 of Plaintiff's Amended Complaint are denied.

24. Admitted, but other members of the staff and volunteers are not employed by the Assemblies of God or Assemblies of God ministers.

25. New Lifehouse Girls Academy denies that Plaintiff was abused or exploited by any person associated with New Lifehouse Girls Academy.

26. New Lifehouse Girls Academy is without sufficient information to admit or deny the allegations in paragraph 26 of Plaintiff's Amended Complaint.

27. New Lifehouse Girls Academy is without sufficient information to admit or deny the allegations in paragraph 27 of Plaintiff's Amended Complaint.

28. New Lifehouse Girls Academy is without sufficient information to admit or deny the allegations in paragraph 28 of Plaintiff's Amended Complaint.

29. Teen Challenge USA is not a party to this litigation. To the extent an answer is required by this Defendant, New Lifehouse Girls Academy admits that it is a faith-based residential program that promoted its Christian mission and offered an alternative to traditional boarding schools. Defendant denies any remaining allegations of paragraph 29 that are inconsistent with the foregoing admission.

30. Teen Challenge USA is not a party to this litigation. New Lifehouse Girls Academy admits that it represented to Plaintiff and her family that it would be a safe and therapeutic environment which would allow Plaintiff to heal.

31. Teen Challenge USA is not a party to this litigation. As to itself, New Lifehouse Girls Academy admits that it marketed itself as a faith-based residential program intended to provide structure, mentorship, and care to residents. Defendant denies any remaining allegations of paragraph 31 that are inconsistent with the foregoing admission.

32. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 32 on account of their ambiguity, including the phrase "representations similar to those of Teen Challenge USA," which is otherwise not defined, making the allegation too vague to permit a response reasonably calculated under Fed. R. Civ. P. 8(b).

33. Admitted that New Lifehouse Girls Academy comes alongside families with understanding, direction, and a steady belief that transformation is possible for their respective daughter and their respective family. Defendant denies any remaining allegations of paragraph 33 that are inconsistent with the foregoing admission.

34. New Lifehouse Girls Academy admits that its staff is passionate, experienced, and fully committed to walking alongside each girl — speaking truth, modeling grace, and celebrating every step of growth. New Lifehouse Girls Academy promises to love and care for a family's

daughter as one of their own. Defendant denies any remaining allegations of paragraph 34 that are inconsistent with the foregoing admission.

35. New Lifehouse Girls Academy admits that it marketed its faith-based residential program to girls and their families but otherwise denies the characterization that New Lifehouse Girls Academy markets to girls and their families because they are uniquely vulnerable and susceptible to coercion and abuse as alleged in paragraph 35.

36. New Lifehouse Girls Academy admit that it marketed its faith-based residential program to girls and their families but otherwise denies the characterization that New Lifehouse Girls Academy markets to girls and their families because they are susceptible to deception and submission as alleged in paragraph 36.

37. New Lifehouse Girls Academy admits that it marketed itself as a faith-based residential program for girls facing behavioral, emotional, academic, and other life challenges. New Lifehouse Girls Academy denies any allegation in paragraph 37 that is inconsistent with this admission.

38. New Lifehouse Girls Academy admits it marketed its faith-based residential program to girls and their families but otherwise denies that it marketed to girls and their families because they were marginalized, at-risk, uniquely vulnerable to trauma and especially susceptible to coercion and abuse, as alleged in paragraph 38.

39. New Lifehouse Girls Academy is without sufficient information to admit or deny what Plaintiff and her family relied on, as alleged in paragraph 39.

40. Teen Challenge USA is not a party to this litigation. New Lifehouse Girls Academy admits that during the application process it learned Plaintiff lost her mother at an earlier age and

was having behavioral issues. All remaining allegations in paragraph 40 of Plaintiff's Amended Complaint are denied as phrased.

41. Teen Challenge USA is not a party to this litigation. New Lifehouse Girls Academy admits that its faith-based program is designed to help and guide young women in acquiring a healthy mind, body, and spirit while living in a structured, reliable setting, but denies any allegation in paragraph 41 inconsistent with the foregoing admissions.

42. New Lifehouse Girls Academy denies paragraph 42 of Plaintiff's Amended Complaint as the alleged "realities of residential treatment" are false mischaracterizations.

43. New Lifehouse Girls Academy denies paragraph 43 of Plaintiff's Amended Complaint as phrased and specifically denies that Plaintiff was subjected to physical abuse, neglect, deprivation of necessities, injury, coercion, and continuous forced labor as part of their program.

44. New Lifehouse Girls Academy denies paragraph 44 of Plaintiff's Amended Complaint as phrased and specifically denies that Plaintiff was subjected to physical abuse, neglect, deprivation of necessities, injury, coercion, and continuous forced labor as part of their program.

45. Denied as phrased. New Lifehouse Girls Academy admits that it is a safe and nurturing Christian boarding school where girls experience life-changing healing and personal transformation through a proven, faith-centered approach.

46. Upon information and belief, admitted.

47. As a residential program, New Lifehouse Academy admits Plaintiff's father executed agreements as part of the enrollment process, including an agreement that assigned custody and control of Plaintiff to New Lifehouse Academy so long as she resided at New

Lifehouse Academy. New Lifehouse Academy denies Plaintiff's characterization of the agreement as requiring Plaintiff's father to grant it "exclusive unconditional control and custody" except as expressly provided in the agreements. New Lifehouse Academy denies any allegation in paragraph 47 inconsistent with the foregoing admissions.

48. New Lifehouse Academy admits that execution of agreements was part of the enrollment process and that parents agreed to support and enforce the program guidelines. New Lifehouse Academy denies Plaintiff's characterization of the agreements as requiring parents to promise not to interfere with its custody or management except as expressly provided in the executed agreements. The agreements speak for themselves, and any inconsistent allegations in paragraph 48 are denied.

49. Admitted that New Lifehouse Academy is a structured boarding school program with rules that limit communication with others during their time in the program, including during the initial adjustment period. Parents are made aware of this prior to admittance. New Lifehouse Girls Academy denies any allegation in paragraph 49 that is inconsistent with the foregoing admissions.

50. Denied.

51. Denied.

52. Denied.

53. New Lifehouse Academy admit that, upon admission, residents surrendered certain personal items that were prohibited by its policy or presented safety concerns, including cellular telephones and other electronic devices. New Lifehouse Girls Academy denies any allegation in paragraph 53 that is inconsistent with the foregoing admissions.

54. New Lifehouse Academy admit that, upon admission, residents surrendered certain personal items that were prohibited by its policy or presented safety concerns, including cellular telephones and other electronic devices. New Lifehouse Girls Academy denies any allegation in paragraph 54 that is inconsistent with the foregoing admissions.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. New Lifehouse Academy admits that residents were instructed, in a faith-based manner, to confront behavior or notify staff of the behavior of another student that does not comply with the program's guidelines or policies. New Lifehouse Girls Academy denies any allegation in paragraph 60 that is inconsistent with the foregoing admissions.

61. New Lifehouse Girls Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, a "wordfast" could be assigned by staff as a behavioral intervention to assist a resident with impulse control. During a wordfast, residents were not permitted to engage in conversation with other residents but remained able to communicate with staff regarding their needs, including through the use of written communication cards or similar means. New Lifehouse Girls Academy is without sufficient knowledge to form a belief about the truth of the allegations related to Plaintiff and denies any allegation in paragraph 61 inconsistent with the forgoing admissions.

62. New Lifehouse Girls Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, a "wordfast" could be assigned by staff as a behavioral

intervention to assist a resident with impulse control. During a wordfast, residents were not permitted to engage in conversation with other residents but remained able to communicate with staff regarding their needs, including through the use of written communication cards or similar means. New Lifehouse Girls Academy denies any allegation in paragraph 62 that is inconsistent with the foregoing admissions.

63. Denied.

64. New Lifehouse Academy admits that six-foot restrictions were used as a form of behavioral intervention and for the safety of other residents. New Lifehouse Girls Academy denies any allegation in paragraph 64 that is inconsistent with the foregoing admissions.

65. New Lifehouse Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, residents could lose certain privileges, such as recreational activities or outings, and could be moved within the program's level system based upon behavioral or programmatic considerations. New Lifehouse Girls Academy denies any allegation in paragraph 65 that is inconsistent with the foregoing admissions, including Plaintiff's characterization of "privileges" as including the rights or necessities alleged in preceding paragraphs of the Amended Complaint.

66. New Lifehouse Academy admits that residents would be on "D Level" for certain violations of the rules. It further admits that certain residents were required to wear orange clothing following runaway incidents. New Lifehouse Girls Academy denies any allegation in paragraph 66 that is inconsistent with the foregoing admissions.

67. New Lifehouse Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, residents could temporarily lose certain privileges as part of the program's behavioral and level systems. New Lifehouse Academy denies that residents were

deprived of personal hygiene products, human contact, or other necessities as alleged in paragraph 67, and deny all remaining allegations contained in paragraph 67.

68. New Lifehouse Academy admits that residents would receive forms of discipline for infractions. New Lifehouse Academy denies the remaining allegations contained in paragraph 68.

69. Denied.

70. New Lifehouse Academy admits that residents were expected to comply with program rules and expectations and that advancement through the program's level system was based, in part, upon a resident's progress and compliance with the program. New Lifehouse Academy denies the remaining allegations contained in paragraph 70.

71. New Lifehouse Academy admits that residents were expected to comply with program rules and expectations and that advancement through the program's level system was based, in part, upon a resident's progress and compliance with the program. New Lifehouse Academy denies the remaining allegations contained in paragraph 71.

72. New Lifehouse Girls Academy is without sufficient information to admit or deny the allegations in paragraph 72 of Plaintiff's Amended Complaint.

73. Denied.

74. New Lifehouse Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, residents were taught principles of accountability and were expected to report known violations of program rules and could be subject to program consequences for failing to do so. New Lifehouse Academy denies the remaining allegations contained in paragraph 74, including any that are inconsistent with the foregoing admission.

75. New Lifehouse Academy is without sufficient knowledge to form a belief about the truth of the allegations contained in paragraph 75.

76. New Lifehouse Academy admits that certain restrictions were placed on residents speaking with residents on certain levels, but it depended on the levels of the respective residents. New Lifehouse Girls Academy denies any allegation in paragraph 76 that is inconsistent with the foregoing admissions.

77. Denied.

78. Denied.

79. Denied.

80. New Lifehouse Girls Academy denies that residents were punished for “vague conceptual violations” or perceived “ungodly” behavior as alleged. New Lifehouse Girls Academy admits that residents were expected to comply with program rules and behavioral expectations designed to promote safety, structure, and the therapeutic goals of the program.

81. Denied.

82. New Lifehouse Academy admits that in certain circumstances, a student may be restrained if they are actively posing a threat to themselves, other residents, or staff. All staff are trained in “Handle with Care”. New Lifehouse Girls Academy denies any allegation in paragraph 82 that is inconsistent with the foregoing admissions.

83. New Lifehouse Academy admits that in certain circumstances, a student may be restrained if they are actively posing a threat to themselves, other residents, or staff. All staff are trained in “Handle with Care”. New Lifehouse Girls Academy denies any allegation in paragraph 83 that is inconsistent with the foregoing admissions, including the allegation that the restraints were violent or done as a threat to other students.

84. Denied.

85. Denied.

86. Denied.

87. New Lifehouse Academy admits that its program has a structure for shower usage. New Lifehouse Girls Academy denies any allegation in paragraph 87 that is inconsistent with the foregoing admissions.

88. New Lifehouse Academy denies that Plaintiff or other residents generally were required to use the bathroom or shower while being personally observed by staff or other residents. Defendant admits that, in limited circumstances, residents on suicide precautions or residents requiring hygiene assistance or supervision could be monitored by staff consistent with the resident's safety or programmatic needs. New Lifehouse Girls Academy denies any allegation in paragraph 88 that is inconsistent with the foregoing admissions.

89. New Lifehouse Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, if a restroom break was needed immediately following a meal, a staff member may need to check the stall before a resident flushed as part of meal-monitoring procedures intended to discourage purging behaviors and promote resident health and safety. New Lifehouse Academy denies any allegation in paragraph 89 that is inconsistent with this admission.

90. New Lifehouse Academy admits that students were expected to attend scheduled meals and to make a reasonable effort to eat the meals served and not waste food. New Lifehouse Girls Academy denies any allegation in paragraph 90 that is inconsistent with the foregoing admissions.

91. Denied.

92. New Lifehouse Academy denies that they delayed Plaintiff and other residents' necessary medical attention.

93. New Lifehouse Academy denies that they denied Plaintiff necessary medical attention and are without sufficient knowledge to form a belief about the truth of the allegations related to broken wrist and deny any allegation in paragraph 93 inconsistent with this admission.

94. New Lifehouse Academy admits it utilized Character Qualities as part of the program and that advancement through the program's level system was based, in part, upon a resident's progress on certain checklists. New Lifehouse Girls Academy denies any allegation in paragraph 94 that is inconsistent with the foregoing admissions.

95. New Lifehouse Academy admit that, during certain periods relevant to the allegations of the Amended Complaint, residents could be assigned writing exercises, including passages from the Bible or program materials, as part of the program's behavioral interventions. New Lifehouse Girls Academy denies any allegation in paragraph 95 that is inconsistent with the foregoing admissions.

96. New Lifehouse Academy admit that, during certain periods relevant to the allegations of the Amended Complaint, residents could be assigned writing exercises, including passages from the Bible or program materials, as part of the program's behavioral interventions. New Lifehouse Girls Academy denies any allegation in paragraph 96 that is inconsistent with the foregoing admissions.

97. Defendant is without sufficient knowledge to form a belief about the truth of the allegations contained in paragraph 104.

98. New Lifehouse Academy admits that residents, if they chose to do so, could share personal testimonials. Furthermore, they were encouraged to talk about them in front of others just

as scripture teaches. New Lifehouse Girls Academy denies all remaining characterizations and allegations in paragraph 91 that are inconsistent with the foregoing admissions, including that residents were required or forced to provide testimonials, that residents were required to disclose intimate or sensitive details of their personal histories or alleged "sins," or that residents were punished for declining to participate.

99. Denied.

100. Denied.

101. New Lifehouse Girls Academy admits that it marketed itself as a faith-based residential program intended to provide structure, mentorship, and care to residents. Defendant denies any remaining allegations of paragraph 101 that are inconsistent with the foregoing admission.

102. Denied.

103. New Lifehouse Academy admits that the first 30 days of a student's stay at New Lifehouse Academy generally served as an initial adjustment period during which residents were permitted to communicate with their parents through written communication. New Lifehouse Academy further admits that incoming and outgoing correspondence was reviewed by staff pursuant to its policies. New Lifehouse Girls Academy denies any allegation in paragraph 103 that is inconsistent with the foregoing admissions.

104. New Lifehouse Academy admits that incoming and outgoing correspondence was reviewed by staff pursuant to its policies but deny any allegation in paragraph 104 inconsistent with this admission.

105. Denied.

106. New Lifehouse Academy admits that it had policies on appropriate conversations. New Lifehouse Girls Academy denies any allegation in paragraph 106 that is inconsistent with the foregoing admissions.

107. Defendant is without sufficient knowledge to form a belief about the truth of the allegations contained in paragraph 107.

108. New Lifehouse Academy admits that students were permitted two ten-minute calls during the week and a twenty-minute call on Sundays. New Lifehouse Girls Academy denies any allegation in paragraph 108 that is inconsistent with the foregoing admissions

109. New Lifehouse Academy admits that telephone calls between a resident and her parents or guardian would be e monitored pursuant to its policies as such monitoring was appropriate to facilitate constructive communication and the resident's therapeutic process but deny any allegation in paragraph 109 inconsistent with this admission.

110. Denied.

111. New Lifehouse Academy denies that parents or guardians were instructed to disregard or ignore communications from their children or were told that any negative comments about New Lifehouse Academy were necessarily false or manipulative. Defendants admit that parents or guardians could be encouraged to independently evaluate communications received from their child and from New Lifehouse Academy staff. New Lifehouse Academy also encouraged parents to communicate any concerns that may arise so they could be discussed. New Lifehouse Academy denies the remaining allegations contained in paragraph 111.

112. New Lifehouse Academy denies that parents or guardians were instructed to disregard or ignore communications from their children or were told that any negative comments about New Lifehouse Academy were necessarily false or manipulative. Defendants admit that

parents or guardians could be encouraged to independently evaluate communications received from their child and from New Lifehouse Academy staff. New Lifehouse Academy is without sufficient information to admit or deny what Plaintiff's father relied on. New Lifehouse Academy denies the remaining allegations contained in paragraph 112.

113. Denied.

114. As a residential program, New Lifehouse Academy admits Plaintiff's father executed agreements as part of the enrollment process, including an agreement that allowed him to revoke the agreement in writing. New Lifehouse Academy denies any allegation in paragraph 114 inconsistent with the foregoing admissions and the language of the signed agreements.

115. New Lifehouse Academy admits that it is committed to fostering healthy and appropriate conversations between residents and their families.

116. Denied.

117. Denied.

118. New Lifehouse Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, residents participated in community service, volunteer activities, and fundraising events at churches and other community organizations, which could include cleaning, landscaping, maintenance, and similar tasks. Defendant denies the remaining allegations contained in paragraph 118.

119. New Lifehouse Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, residents participated in community service, volunteer activities, and fundraising events at churches and other community organizations, which could include cleaning, landscaping, maintenance, and similar tasks. Defendant denies the remaining allegations contained in paragraph 119.

120. Denied.

121. New Lifehouse Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, residents participated in community service, volunteer activities, and fundraising events at churches and other community organizations, which could include cleaning, landscaping, maintenance, and similar tasks. Defendant denies the remaining allegations contained in paragraph 121.

122. New Lifehouse Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, residents participated in community service, volunteer activities, and fundraising events at churches and other community organizations, which could include cleaning, landscaping, maintenance, and similar tasks. Defendant denies the remaining allegations contained in paragraph 122.

123. New Lifehouse Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, residents could lose certain privileges or experience changes in the program's level system based upon behavioral or programmatic considerations, including a refusal to participate in household responsibilities, community service activities, volunteer projects, or other program activities. New Lifehouse Academy denies the remaining allegations of paragraph 123.

124. Denied.

125. Denied. The amphitheater is not on TCOK's premises.

126. New Lifehouse Academy denies that it made money from the events at the amphitheater.

127. New Lifehouse Academy admits that, during certain times relevant to the allegations in the Amended Complaint, residents participated in community outreach, community

service projects, and other volunteer activities through churches, local businesses, universities, and other community organizations as part of New Lifehouse Academy's faith-based program and its mission of fostering personal growth, responsibility, and service to others. Defendant further admits that residents were not paid wages for these activities, as no payment or wage compensation was warranted under the terms of the program or applicable law as phrased. Defendant denies the remaining allegations contained in paragraph 127.

128. New Lifehouse Academy admits that, during certain times relevant to the allegations in the Amended Complaint, residents participated in community outreach, community service projects, and other volunteer activities through churches, local businesses, universities, and other community organizations as part of New Lifehouse Academy's faith-based program and its mission of fostering personal growth, responsibility, and service to others. Defendant further admits that residents were not paid wages for these activities, as no payment or wage compensation was warranted under the terms of the program or applicable law as phrased. Defendant denies the remaining allegations contained in paragraph 128.

129. New Lifehouse Academy is without sufficient information to admit or deny what Plaintiff believed.

130. Denied.

131. New Lifehouse Academy admits that it markets its animal programming and that it provides powerful hands-on experience in responsibility, leadership, trust, and accountability. By caring for these remarkable animals, students learn how to step outside of themselves, developing empathy, patience, and a deeper understanding of the importance of consistency and stewardship. Defendant denies the remaining allegations contained in paragraph 131 that are inconsistent with the foregoing admissions.

132. New Lifehouse Academy admits that caring for animal provides powerful hands-on experience in responsibility, leadership, trust, and accountability. Caring for animals includes feeding them, cleaning enclosures, and performing maintenance. Defendant denies the remaining allegations contained in paragraph 132 that are inconsistent with the foregoing admissions

133. Denied.

134. New Lifehouse Academy admits that recreational activities and outings were considered certain privileges that could be lost based upon behavioral or programmatic considerations. New Lifehouse Girls Academy denies any allegation in paragraph 134 that is inconsistent with the foregoing admissions.

135. New Lifehouse Academy admits that residents were expected to conduct themselves appropriately during community outings and were instructed to maintain appropriate boundaries with members of the public. New Lifehouse Academy denies the remaining allegations of paragraph 135, including that residents were forbidden from making eye contact as alleged.

136. Denied.

137. New Lifehouse Academy admits that its program is ongoing and that residents participate in community outreach, community service projects, and other volunteer activities through churches, local businesses, universities, and other community organizations as part of New Lifehouse Academy's faith-based program and its mission of fostering personal growth, responsibility, and service to others. New Lifehouse Academy denies the remaining allegations of paragraph 137 that are inconsistent with the foregoing admissions.

138. Denied.

139. New Lifehouse Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, residents participated in household responsibilities,

property maintenance, meal preparation, cleaning, landscaping, painting, organizing, and other *de minimis* chores or activities consistent with the operation of a household and the development of life skills. New Lifehouse Academy denies all remaining allegations within paragraph 139 inconsistent with the foregoing admissions.

140. New Lifehouse Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, residents participated in household responsibilities, property maintenance, meal preparation, cleaning, landscaping, painting, organizing, and other *de minimis* chores or activities consistent with the operation of a household and the development of life skills. New Lifehouse Academy denies all remaining allegations within paragraph 140 inconsistent with the foregoing admissions.

141. New Lifehouse Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, residents participated in household responsibilities, property maintenance, meal preparation, cleaning, landscaping, painting, organizing, and other *de minimis* chores or activities consistent with the operation of a household and the development of life skills. New Lifehouse Academy denies all remaining allegations within paragraph 141 inconsistent with the foregoing admissions.

142. New Lifehouse Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, residents participated in household responsibilities, property maintenance, meal preparation, cleaning, landscaping, painting, organizing, and other *de minimis* chores or activities consistent with the operation of a household and the development of life skills. New Lifehouse Academy denies all remaining allegations within paragraph 142 inconsistent with the foregoing admissions, including any allegation that Plaintiff performed “forced labor”.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. New Lifehouse Academy is without sufficient information to admit or deny the allegation in paragraph 147.

148. New Lifehouse Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, residents could lose certain privileges or experience changes in the program's level system based upon behavioral or programmatic considerations, including a refusal to participate in household responsibilities, community service activities, volunteer projects, or other program activities. New Lifehouse Academy denies the remaining allegations of paragraph 148.

149. New Lifehouse Academy admits that, during certain periods relevant to the allegations of the Amended Complaint, residents could lose certain privileges, experience changes in the program's level system, or could be assigned behavioral interventions, based upon behavioral or programmatic considerations. Defendant denies the remaining allegations of paragraph 149.

150. Denied.

151. New Lifehouse Academy lacks information sufficient to form a belief as to what Plaintiff does or does not believe.

152. New Lifehouse Academy lacks information sufficient to form a belief as to what Plaintiff remembers.

153. New Lifehouse Academy admits that it offers students the opportunity to go on mission trips through its program. Defendant denies the remaining allegations of paragraph 153.

154. Denied.

155. New Lifehouse Academy admits that its program prepared students who were going on mission trips. Defendant denies the remaining allegations of paragraph 155.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. New Lifehouse Academy admits that residents were given the opportunity to participate in ministry outings but denies any allegation in paragraph 160 inconsistent with the foregoing admissions.

161. New Lifehouse Academy admits that residents were given the opportunity to participate in ministry outings but denies any allegation in paragraph 161 inconsistent with the foregoing admissions.

162. Denied.

163. New Lifehouse Academy is without sufficient information to admit or deny the allegation in paragraph 163.

164. Denied.

165. New Lifehouse Academy denies that Plaintiff performed forced labor as alleged. New Lifehouse Academy admits that residents were not paid wages for participating in household responsibilities, life-skills training, community service activities, volunteer projects, or fundraising

activities conducted as part of New Lifehouse Academy's faith-based residential program. Defendant denies all remaining allegations in paragraph 165.

166. New Lifehouse Academy admits that Plaintiff's family paid tuition every month that she was a part of the program. Defendant denies all remaining allegations in paragraph 166.

167. New Lifehouse Academy admits that mission trips are the parents' financial responsibility. New Lifehouse Academy denies any allegation in paragraph 167 inconsistent with the foregoing admissions.

168. Paragraph 168 and all subparts are denied.

169. Denied.

170. Denied.

171. Upon information and belief, admitted.

172. The allegations set forth in paragraph 172 assert a legal conclusion as opposed to a claim or allegation against Defendant and therefore Defendant's response to the allegations are not required. To the extent paragraph 172 purports to state facts against Defendant, Defendant denies the same.

173. The allegations set forth in paragraph 173 assert a legal conclusion as opposed to a claim or allegation against Defendant and therefore Defendant's response to the allegations are not required. To the extent paragraph 173 purports to state facts against Defendant, Defendant denies the same.

## V. STATEMENT OF FACTS

## COUNT ONE – Violation of Trafficking Victims Protection Reauthorization Act (TVPRA) 18 U.S.C. §§ 1595 AND 1584

174. Defendant hereby incorporates by reference its answers contained in the foregoing paragraphs as if fully set forth herein.

175. The allegations set forth in paragraph 175 assert a legal conclusion as opposed to a claim or allegation against Defendant and therefore Defendant's response to the allegations are not required. To the extent paragraph 175 purports to state facts against Defendant, Defendant denies the same.

176. Denied.

177. The allegations set forth in paragraph 177 assert a legal conclusion as opposed to a claim or allegation against Defendant and therefore Defendant's response to the allegations are not required. To the extent paragraph 177 purports to state facts against Defendant, Defendant denies the same.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

**COUNT TWO: Violations of Trafficking Victims Protection Reauthorization Act (TVPRA)**

**18 U.S.C §§ 1595 and 1589**

183. Defendant hereby incorporates by reference its answers contained in the foregoing paragraphs as if fully set forth herein.

184. The allegations set forth in paragraph 184 assert a legal conclusion as opposed to a claim or allegation against Defendant and therefore Defendant's response to the allegations are not

required. To the extent paragraph 184 purports to state facts against Defendant, Defendant denies the same.

185. Denied.

186. The allegations set forth in paragraph 186 assert a legal conclusion as opposed to a claim or allegation against Defendant and therefore Defendant's response to the allegations are not required. To the extent paragraph 186 purports to state facts against Defendant, Defendant denies the same.

187. The allegations set forth in paragraph 187 assert a legal conclusion as opposed to a claim or allegation against Defendant and therefore Defendant's response to the allegations are not required. To the extent paragraph 187 purports to state facts against Defendant, Defendant denies the same.

188. The allegations set forth in paragraph 188 assert a legal conclusion as opposed to a claim or allegation against Defendant and therefore Defendant's response to the allegations are not required. To the extent paragraph 188 purports to state facts against Defendant, Defendant denies the same.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

196. Denied.

**COUNT THREE: Violations of Trafficking Victims Protection Reauthorization Act (TVPRA) 18 U.S.C §§ 1595 and 1590**

197. Defendant hereby incorporates by reference its answers contained in the foregoing paragraphs as if fully set forth herein.

198. The allegations set forth in paragraph 198 assert a legal conclusion as opposed to a claim or allegation against Defendant and therefore Defendant's response to the allegations are not required. To the extent paragraph 198 purports to state facts against Defendant, Defendant denies the same.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

**COUNT FOUR: Attempted Violations and Conspiracy to Commit Violations of TVPRA 18 U.S.C §§ 1584, 1589, 1590, 1594, AND 1595.**

205. Defendant hereby incorporates by reference its answers contained in the foregoing paragraphs as if fully set forth herein.

206. Denied.

207. The allegations set forth in paragraph 207 assert a legal conclusion as opposed to a claim or allegation against Defendant and therefore Defendant's response to the allegations are not required. To the extent paragraph 207 purports to state facts against Defendant, Defendant denies the same.

208. The allegations set forth in paragraph 208 assert a legal conclusion as opposed to a claim or allegation against Defendant and therefore Defendant's response to the allegations are not required. To the extent paragraph 208 purports to state facts against Defendant, Defendant denies the same.

209. Denied.

210. Denied.

211. Denied.

**COUNT FIVE: Violations of TVPRA 18 U.S.C §§ 1595 and 1590**

212. Defendant hereby incorporates by reference its answers contained in the foregoing paragraphs as if fully set forth herein.

213. The allegations set forth in paragraph 213 assert a legal conclusion as opposed to a claim or allegation against Defendant and therefore Defendant's response to the allegations are not required. To the extent paragraph 213 purports to state facts against Defendant, Defendant denies the same.

214. Upon information and belief, admitted.

215. Denied.

216. Denied.

## VI. JURY DEMAND

217. Defendant demands a jury trial.

## VII. DAMAGES

218. Denied.

WHEREFORE, the Defendant Teen Challenge of Oklahoma, Inc. d/b/a New Lifehouse Girls Academy by counsel, requests that the Plaintiff take nothings by way of the allegations made

in the operative pleading, judgment in their favor, and all other relief just and proper in the premises, including the costs of this action.

## AFFIRMATIVE DEFENSES

1. Defendant affirmatively states that Plaintiff's Amended Complaint fails to state any legally valid claim(s) on which relief may be granted.

2. Plaintiff's claims are barred by the First Amendment to the United States Constitution.

3. To the extent Plaintiff's claims are barred by the applicable statute of limitations they should be dismissed.

4. Plaintiff's claims are barred by the *in loco parentis* privilege.

5. Plaintiff's claims may be barred, in whole or in part, by the doctrines of estoppel, laches, acquiescence, unclean hands, and waiver, and will be explored in discovery.

6. Plaintiff and/or her parents and legal guardians knowingly, voluntarily and freely consented to participate in the Teen Challenge rehabilitation program.

7. Defendant did not intentionally or willfully restrain Plaintiff.

8. Defendant affirmatively states that Plaintiff is not entitled to recover punitive damages from Defendant based on the allegations set forth in Plaintiff's Amended Complaint. Furthermore, Plaintiff bears the burden of proof, and punitive damages may be awarded only upon clear and convincing evidence, not mere speculation or doubt.

9. Defendant denies the nature and extent of Plaintiff's alleged damages, if any, and further states that Plaintiff failed to mitigate such damages.

10. Defendant affirmatively states if Plaintiff sustained damages, which Defendant specifically denies, the same were caused or contributed to be caused by intervening acts and/or

superseding negligence on the part of a person(s) or entity over whom Defendant neither had control nor right of control as set forth in Defendant's Answer and Affirmative Defenses.

11. Plaintiff may have fault which contributed to the happening of the incident or damages alleged in the Amended Complaint and therefore Plaintiff's alleged damages are barred or diminished according to the apportionment of fault as provided by Oklahoma law.

12. The negligence of any of the parties and any relevant non-parties will be developed during discovery and Defendant specifically reserves the right to further plead defenses as to contributory and comparative negligence at the time of pretrial.

13. Defendant affirmatively states that the event(s) and/or incident(s) identified in Plaintiff's Amended Complaint, and Plaintiff's injuries and damages, may have occurred due to the conduct and sole cause of Plaintiff.

14. Whether the Plaintiff suffers from any preexisting or post-arising medical condition will be developed during discovery and Defendant specifically reserves the right to plead those defenses at the time of pretrial.

15. Some of the Plaintiff's claims are barred, in whole or in part, because they are subject to a valid, binding, and mandatory arbitration agreement governing the dispute, and Defendant reserves the right to compel arbitration.

16. Pursuant to 12 O.S. § 3009.1, the medical expenses paid by Plaintiff and/or any entity on behalf of Plaintiff are the amounts admissible at the time of trial.

17. Defendant hereby pleads all available statutory caps on damages.

18. Defendant reserves the right to raise such additional defenses as may become available.

WHEREFORE, the Defendant Teen Challenge of Oklahoma, Inc. d/b/a New Lifehouse Girls Academy by counsel, requests that the Plaintiff take nothings by way of the allegations made in the operative pleading, judgment in their favor, and all other relief just and proper in the premises, including the costs of this action.

Respectfully submitted,

s/Joshua D. Poovey
Joshua D. Poovey, OBA #32103
Ryan C. Alley, OBA #35535
FRANDEN | FARRIS | QUILLIN
GOODNIGHT | ROBERTS + WARD
Two W. Second St., Suite 900
Tulsa, OK 74103
P: (918) 583-7129
F: (918) 584-3814
jpoovey@tulsalawyer.com
aterrell@tulsalawyer.com [Assistant]
ralley@tulsalawyer.com
sreynolds@tulsalawyer.com [Assistant]
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on October 15, 2026, I electronically transmitted the above-foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

A. Laurie Koller
Laura Martinez
RED DIRT LEGAL, PLLC
2504 E. 21st Street
Tulsa, OK 74114
laurie@dirtlegal.com
laura@reddirtlegal.com
**Attorneys for Plaintiff**

s/Joshua D. Poovey